Thank you, Your Honor, and good morning. May it please the Court, I'm Jeffrey Clare. I'm Justice Department Counsel for the Appellant, Michael Kiley, who is with me at counsel table this morning. Your Honors, let me commence by noting that we understand that the Court applies a very clear review to Judge Allegra's sanction order below. It is an abuse of discretion standard that recognizes the trial court's great authority and latitude to supervise the conduct of litigants and counsel that appear before the Court. Well, abuse of discretion is established either by an error in law, right, or a clearly erroneous application of a fact. Yes, Your Honor, that's indicated by the Court's summary. There are two branches to your argument, I gather. One has to do with the counterclaim issue, and the second has to do with the prior incident issue. That's also correct. And as to the prior incident, I assume you're arguing an error in law because no notice was given? That's correct, Your Honor. But as to the counterclaim issue, are you arguing an error in law, or are you arguing a clearly erroneous fact? Well, Your Honor, I think it is a mixed question of law and fact. How so? In that the Court is determining whether the factual submissions before it are not only warranted under the existing legal framework that counsel applied in filing the response of Bleedon, but whether they are factually incorrect. And the error we think the Court made in this regard is that it erroneously concluded that this led the Court, as to the time at which the government was reasonably aware of the counterclaim, we think it highly significant here that the government's submission was a responsive submission, submitted in response to a motion where it was the moving party who carried the burden of establishing that the government had filed a compulsory counterclaim that was untimely. That motion made allegations that contract administrative officials were aware of. Focus on the judge. The judge said I was misled. You misled me to think that the government only obtained knowledge of the facts dealing with a counterclaim at a later point in time than they actually learned. That's not true. Now, isn't the judge in the best position to decide whether the judge was or was not misled? The judge is in the best position in the first instance, but his determination must still be supported by record evidence. Isn't there a legal issue here, too, and that is whether if Rule 13F is directed to later maturing counterclaims. I would have thought that the word omitted in F is referring to something that previously existed and was delayed in its assertion rather than something which matured later. That doesn't sound to me like an omitted counterclaim. So it would seem to me that there is an issue as to whether Judge Allegra was correct in saying that F applies to the later matured counterclaim question. That is correct, and that is, again, why I think it's fair to say this is really a mixed question of law and fact, because the conceptual framework of whether the counterclaim is governed by Rule 13F or is instead a later matured counterclaim governed by Rule 13E not only presents the legal question, but is highly significant in determining what facts are relevant to whether the counterclaim can go forward. Here the moving party asserted, without contradiction from the government's submission, that contracting officials at the Postal Service were aware or could have been aware of the disputed electricity surcharges. But what's your position on the legal issue? Is your position that F is relevant to a later matured counterclaim under E or that it isn't relevant? Our position is that the claim should have been governed by Rule 13E, not Rule 13F. This was not a question of whether there was excusable neglect or some other excusable delay in asserting a counterclaim that could have been asserted at the time of the answer. Rather, it is a question of whether the counterclaim had a jurisdictional prerequisite to it, the final contracting officer's decision, that could not have been satisfied at the time the answer was due for filing. And therefore, if F doesn't apply here, and Judge Allegra was wrong about that, does E nonetheless have a delay component in it? Because Rule 13E gives the court discretion as to whether to allow a permissive counterclaim, a later maturing counterclaim, into the case, delay is one factor that the court can consider. And a factor that the court can consider. And delay when? Delay after it matures or delay in bringing about the maturing? In some sense, it's both, Your Honor. I think the court can consider, in the context of this case, whether there was delay in perfecting or curing the jurisdictional defect on the part of the government. Here, the defect in question is the lack of a contracting officer's final decision on the facts underlying the counterclaim. And it would have been relevant for the court to consider whether the government might have been able to cure that defect at an earlier time. But the question in the Rule 11 context, was there something misleading in the counsel's submission that warranted the imposition of a sanction? I understand your argument about the facts and the effort to demonstrate that the plaintiff had already brought these facts to the attention, so the court should have been able to alert them. I understand that. I'm trying to understand the legal issue. And if I understand what you're saying, is that a delay in bringing about the maturation of the counterclaim is relevant under E? Yes, Your Honor. I think that would have been relevant. Is there any authority to that effect? I think it is a proposition that you can derive from the language of the rule. Is there specific authority talking about whether in the context of an unmatured contract claim where the jurisdictional prerequisite is a contracting officer's decision? No, I am not aware of any authority. And you derive the implicit rule from the permission of the court language in E, the notion that there are circumstances in which the court may say no, and that one of those on one's rights to mature the claim. Yes, Your Honor. The language of 13E is permissive. The scholarly commentary and the case law make clear that the court can consider such factors as delay. But the question is whether there was some omission or statement on the part of government counsel as to that question that warranted the imposition of the sanction. And there was not here. First, I would have thought you would be arguing that there was no authority suggesting that delay in bringing about the maturation of the counterclaim was relevant. You seem to be conceding that. Your Honor, I believe we have conceded that in the brief. I think the Foman case from the Supreme Court and the case law generally on adding or amending complaints after the filing of an answer all suggest that delay is relevant. And perhaps that was a poor choice on my part to make that concession. But my reading of the law was that delay in bringing about the maturation of the claim was something the court could have considered. Was it in a particularly important factor? We'd say no, not in this case. Well, is it relevant at all? I mean, if what's required is a decision by the contracting officer in order to ripen the counterclaim to a posture where it can legitimately be filed, right? Does the contracting officer care when the government received its knowledge? I'm not sure I understand your question, Your Honor. Well, we're talking about delay in bringing the maturation. Doesn't that have to do in delay in bringing the matter to the attention of the contracting officer? What matured the claim? The final contracting officer's decision. So delay in procuring the finality would have to do with not having brought the issue to the attention of the contracting officer sooner, wouldn't it? Yes, it would. But does the contracting officer care? We would expect the contracting officer to act with dispatch once the claim is presented. We would expect the contracting officer not to simply sit on the claim once it is presented. But again, from the perspective of whether there is something sanctionable in the government's submission here, whether or not the delay is relevant to whether the claim should be admitted, there was no misstatement on counsel's part about facts concerning it. What we're talking about here is an important question, whether somebody could reasonably believe that the delay in bringing the claim to maturation wasn't relevant. And I've asked my clerks to look at this. I don't see that there's any authority at all dealing with that question. So one reasonably could have concluded that the delay in bringing it to maturation, as opposed to any delay in filing the claim after it matured, which clearly is relevant under the cases, that here's a situation in which there's no authority and isn't it possible that under those circumstances one could reach the conclusion that the pre-maturation delay simply wasn't relevant. Yes, certainly is a possible reading of the case law and a fortiori is the sanction for failing to discuss. Well, it's a necessary predicate, isn't it, to legitimate your client's point of view? I thought your client's point of view was that the point in time when the government learned about the possible right to have a counterclaim is irrelevant to its timeliness in the Court of Federal Claims because whenever they discovered it, it wasn't matured until they had a decision. Yes, Your Honor. In terms of whether it was a compulsory counterclaim that had to be asserted at the time, if there is a jurisdictional defect such as the absence of the contracting officer's decision, any delay is not relevant to whether it's a compulsory counterclaim. The judge that imposed the sanctions, in his opinion, went through the law and other circuits and other courts, some of which require a measure of culpability in order for a suus bondi sanction to be issued by a court, and the trial judge here concluded that no measure of culpability was required. I didn't understand in your brief to challenge the trial court's decision that no measure of culpability was required. That's correct, Your Honor. We did consider that. We are certainly aware of the judge's analytical framework. We are aware of the judge's discussion of case law from other circuits, but there was a determination not to raise that issue in this case. But if the law were such that a measure of culpability was required, wouldn't your client necessarily prevail? On this record, yes, Your Honor. The judge, I think, made some findings to the effect that there was no intent on part of counsel to mislead the court. So under that more difficult standard for imposing sanctions, we would prevail under that standard. Why aren't you making that argument? It's not authorized by the Solicitor General for us to present in this case, Your Honor. Are you representing the government here, or are you representing the individual that's sitting at the counsel table? I am representing the individual, Your Honor, but when Justice Department counsel is approved for representing... You're telling me the client is the Solicitor General. No, Your Honor, but the interests of the United States are taken into account. Doesn't the client ordinarily select the legal arguments to be made by its counsel? In this circumstance, Your Honor, it is made clear at the outset that the Justice Department's representation requires the Justice Department to consider the interests of the United States, and if there is some determination that the interests of the United States direct an argument to be made or not made, that is the decision that can be made. That comes up the most, I guess, in the Bivens context, right? Yes. I mean, the typical situation would be the FBI agents, and the question is whether the government represents that agent in a Bivens action. And I guess there, correct me if I'm wrong, the Solicitor General does have to approve the filing of a topside brief, even though the United States is not a party. Is that correct? Yes. If the parties agree, if the government and the agent agree that the government should continue to represent the agent. That is correct, Your Honor. And any representation made in the brief would be binding to the extent that that matters on the government, in other words. Yes. Okay. Yes. This is the price you pay for working for the Justice Department, right? Well, I don't know if I would put it in those terms, Your Honor. Well, why not? I mean, you said there's a potentially winning argument that you're not presenting on behalf of your client. Your Honor, I think that's what you told me a minute ago. Your Honor, if I could perhaps then qualify the statement, it's understood that the interests of the United States are also at play in litigation like this, that there is a potential divergence. It's understood potential divergence between the interests of the United States and the interests of the client. And it's understood at the time of representation that the... But we might have heard a different argument if the individual in question had hired a private attorney. Yes, Your Honor. In fact, Your Honor, Mr. Kiley represented himself below in responding to the sanctions motions, and he made this argument below, but there was a decision not to present it. But anyway, there's a completely free choice by the client. I mean, this isn't something that's... The representation is not imposed on the client in this situation. Yes, that's also correct. Certainly, Your Honor, if in the absence of case law suggesting that delay in perfecting the claim would suggest all the more so that the sanction was inappropriate here, even in the argument, the framework that we've suggested on our brief where that delay is relevant, there's nothing in the factual record that suggests that counsel misled the court as to the steps that the government took to perfect the counterclaim. I think it is important here that counsel filed a joint status report more than a year before the counterclaim was filed, which made clear that the government was investigating this counterclaim. So the court had before it factual representations from government counsel that the question of this surcharge was under active investigation. Certainly, the court's whole line of inquiry into when counsel and when other officials learned of the counterclaim suggests that the court had ample information before it to determine that the government and government counsel was aware of the counterclaim at an earlier date. Isn't your argument that there's, in essence, a de facto admission of earlier knowledge by the government? Because when the movement filed to kick the counterclaim out, they said they've known about this for years. And in your response to that, you didn't choose to contradict that. We did not discuss it. Oh, yeah, it was. We just happen to think we have a different theory, which makes the date of acquiring knowledge irrelevant. Yes, Your Honor. I think the court's conclusion here is really based on a fundamental misunderstanding of what the government meant when we said the counterclaim was not mature. What we meant was that the jurisdictional prerequisite for the counterclaim, the contracting officer's decision, had not been satisfied. I think what the court understood counsel to say was that the government didn't know or could not reasonably have known about the existence of the claim. If you look at the government's submission, especially at page 49 of the appendix, you'll see a discussion of what government believes is necessary for a claim to mature. I think it's quite clear from that submission that we had something very different in mind, that there was simply no intention on the part of counsel to mislead the court as to either when contracting officials knew of the claim, that was established, or when government didn't. The theory of your case might not have, as you said, been quite as crystal clear in the opposition to the motion to dismiss the counterclaim, but when you read the transcript on the show cause hearing, if you will, it's pretty clear, isn't it, that the trial judge understood what the government's theory was? I must respectfully disagree, Your Honor, if I could refer the court to page 96 of the appendix. 96, is it? Yes. There is an excerpt from the transcript of the initial hearing. You'll see some discussion of what the parties mean by mature, and the court says at the middle of the page. So technically speaking, depending on how one construed the term matured, it actually matured during the course of the original lease, didn't it? Well, that really doesn't, I think, jive with the kind of theory that the government had presented. The government's submission, and this is at page 49 of the appendix, talks about maturation of the claim in terms of whether there's a contracting officer. Thank you. I had missed that. Oh, I'm sorry. I just want to... I'm sorry, what are you throwing? I must say, I have some concern about whether the conflict of interest between the United States and government counsel is waivable, and I don't, you know, there are certain conflicts of interest which are not waivable, and I wonder whether it's appropriate under the circumstances where there's a conflict of that kind for the government to be representing somebody. I don't know what the answer to that is, but it does, it raises a question in my mind. Your Honor, I think there is certainly a potential divergence of interest between the litigant and the United States. The question is whether it's waivable. I mean, you know, there's some conflicts which are not waivable. I don't know whether this is one of them or not. Your Honor, I don't know of any specific case law on the point. I can tell the Court that these representation considerations are, and the regulations that govern them are long and well-established, that the regulatory scheme under which government representation of an individual is authorized makes clear to all the parties concerned and makes express to the parties concerned that the interests of the United States take precedence when you take the United States counsel. But I don't doubt that that's clear enough. The question is, under those circumstances where there is a conflict, is it appropriate for the Department to be representing somebody? I'm not sure that it is. I don't know the answer to it, but it doesn't seem to me crystal clear that it's appropriate. I certainly understand, and Your Honor's objections, I cannot point the Court to any authority that deals with that question. I can only point the Court to the very long-established and regular practice of doing so, and I'm not aware that this is a legal impediment that has been noted before. Certainly the presence of potential divergence of interest has been noted. And nonetheless, the regulations lay out a set of procedures and a scheme where representation like this can go forward. If Your Honor is referring to the failure to raise the issue of whether a more rigorous bad faith standard prevails, it controls, in a case where the sanctions are issued sua sponte by the Court, again, I can't point the Court to any legal authority that governs that conflict, potential conflict question. All I can tell the Court is this matter was considered by the Solicitor General in determining what issues could be presented with government counsel as representative, and this was not an issue that was authorized. In terms of the outcome of the case, certainly a more rigorous standard makes reversal even more probable, but under the objectively reasonable standard applied by the Court and the one we have assumed in our brief is applicable here, the sanction order still must be reversed. There is not adequate record support for the notion that the counsel's submission misled the Court either as to the knowledge of contracting officials as to when the claim was presented or as to steps that were taken to mature the claim and to secure the necessary contracting officer decision while we're clearing the record. Can we move for just a moment if we're on to the second issue, the question of the other incident? Yes. What is your view as to the scope of the Court's obligation to give notice that more than the to whether sanctions should issue? Now, to back up just a second, presumably a court, let's suppose a court that's been sitting in trial with a lawyer for some period of time and has had a frustrating time with the particular lawyer may focus on a particular incident. Is that judge foreclosed from considering or referring to various other incidents that building up of problems that the judge has with the lawyer unless that finds its way into the notice to show cause or what do you think are the notice to show cause obligations in that kind of setting? Your Honor, I think this is one of those frustrating standards where it really depends on the totality of the circumstances and it's hard to articulate a bright line rule applicable to all cases. The rule suggests that anything that is material to the Court's consideration of whether to impose a sanction in the first instance or having found a violation of Rule 11, what sanction to impose? Let's take a move on from my hypothetical and suppose what's happened is that the Court has decided that the lawyers made a flat-out factual misrepresentation and the Court says, you know what? I think that's wrong and what's more, I think you've been skating very close to the line if not over it for the last three weeks in this trial. Is that out of bounds if the Court has not made such a charge in the notice to the order show cause? Your Honor, the language of the rule, Rule 11B, I'm sorry, C subpart 1B, says that the Court may on its own initiative enter an order describing the specific conduct that appears to violate subdivision B and then directing an attorney to respond. So it certainly has, if the conduct is relevant to whether there's been a basic violation of the ethical duty of candor to the Court, then it has to be. Well, but what if, I see where you're going with that, but what if it's not so much relevant to whether there's been a violation but it's relevant to what sanction should be imposed or whether a sanction should be imposed at all? In other words, it's the equivalent of, you know, in the criminal setting of a prior record. Is that something that ought to be in the notice in the order show cause? Well, I think anything that the Court is viewing, as the Court appeared to view here, as a sort of second offense or a prior offense is something certainly that the Court has to bring to counsel's attention. So it's not the totality of the circumstances. It's that if there's a prior event that the Court is relying on, the Court has to give notice. Yes, that's certainly true. I was trying to, Your Honor, respond to Judge Bryson's hypothetical about perhaps a sort of cumulative set of factual representations that perhaps standing alone wouldn't warrant a sanction. But at some point, the judge has, Judge Bryson has. Well, why shouldn't the accused attorney get notice of what the judge is thinking of considering? I agree. He should. There's an opportunity to explain it and to, if you don't receive notice of it until the order is entered, you don't get a chance to explain it. I mean, I would have thought that fundamental fairness under the rules suggests that you ought to have notice of it in advance. We think so, too, Your Honor. Yes. Well, it's a bright-line rule. When the judge finally issues an order laying down the sanction, it says, I'm sanctioning you for A, B, C, and D. You have to have given notice of A, B, C, and D. Yes, Your Honor. It's a bright-line rule. Perhaps, Judge Bryson, perhaps I misunderstood your question. I thought the question was, again, in the nature of sort of cumulative series of representations that might not. Sure. And it's easy to see a large range of possible circumstances in which you say, well, either there have been a number of incidents here or I have had you before me on other occasions, and blah, blah, blah, blah. But you're basically saying, anything of that sort that goes to, at least if it goes to the question of whether there's been a violation, that it ought to be. Absolutely. And Your Honor, I got to- Or what the sanction should be. I'm sorry, Your Honor? Or what the sanction- Or what the sanction should be. Oh, you're saying the sanction, as well? Yes. All right. Certainly, from the perspective of the sanctioned attorney, this is sort of a highly, highly important and significant that the court is going to consider certain conduct in deciding whether monetary sanctions should be imposed, whether a reprimand should be a published reprimand. Certainly, anything that bears on that ought to be the subject of notice. There may be cases in which the question of whether notice ought to be provided are close to the margins. We'd submit that this is not one of them. The court clearly reviewed the prior case that it referred to as the nature of a prior offense, took it into account in deciding, I think, whether to impose a sanction in the first instance and what kind of remedy ought to be imposed for the violation. Considerations of fundamental fairness demand that attorneys who are facing the prospect of a Rule 11 finding, a finding of a Rule 11 violation, have a full and fair opportunity to speak to the court. In this instance, the prior case that the court relied on was an instance in which the judge had already made an inquiry as to whether counsel had made any inappropriate findings, representations. It concerned whether counsel had adequately disclosed the existence of certain worksite progress reports to the opposing counsel. It turned out that the opposing counsel had never made a discovery request for these, and the court had made a finding that there was no prejudice for the failure to disclose the government's possession of them from the perspective of any reasonable counsel. One would think at that juncture that the court was satisfied that there was no ethical violation involved and move on, and for the court to, in a subsequent proceeding, take that conduct into account as an instance of, again, a kind of prior offense that bears on whether there's a pattern of conduct, a sort of consistent practice of violating Rule 11. It's a highly serious omission from the show cause order and a breach of the attorney's ability to have a fair opportunity to address the court's concerns. Very well. Thank you.   Thank you. Thank you.